# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01833-RPM-KMT

THE B.H.S. COMPANY, LLP,

    Plaintiff,

v.

PEERLESS INDEMNITY INSURANCE COMPANY, an Illinois Corporation,
COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire Corporation, and
LIBERTY MUTUAL GROUP, INC., a Massachusetts Corporation,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling/Planning Conference will be held on September 4, 2014 at 10:30 a.m., before the Honorable Judge Richard P. Matsch. It is anticipated that the following attorneys will appear to represent the parties:

| Appearing for Plaintiff<br>The B.H.S. Company, LLP: | Appearing for Defendants Peerless Indemnity Insurance Company, Colorado Casualty Insurance Company and Liberty Mutual Group: |
|---|---|
| Brandee Bower, Esq.<br>William C. Harris, Esq.<br>MERLIN LAW GROUP, P.A.<br>999 18th Street, Suite 3000<br>Denver, CO 80202<br>Tel: 303.357.2374<br>Fax: 303.357.2377<br>bbower@merlinlawgroup.com<br>charris@merlinelawgroup.com | Brian J. Spano, Esq.<br>Holly C. Ludwig, Esq.<br>LEWIS ROCA ROTHGERBER LLP<br>1200 17th Street, Suite 3000<br>Denver, CO 80202-5855<br>Tel: 303.623.9000<br>Fax: 303.623.9222<br>E-mail: bspano@lrrlaw.com<br>        hludwig@lrrlaw.com |

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiff is a citizen of Colorado and Defendant Peerless is incorporated under the laws of the State of Illinois and maintains its principal place of business in Boston, Massachusetts; Colorado Casualty is incorporated under the laws of New Hampshire and maintains its principal place of business in Boston, Massachusetts; Defendant Liberty Mutual Group, Inc. is incorporated under the laws of Massachusetts and maintains its principal place of business in Boston, Massachusetts. The amount in controversy exceeds $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff has filed suit based upon breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116 and bad faith breach of insurance contract and breach of the covenant of good faith. Plaintiff alleges that Defendant has refused to provide covered benefits to the insured Plaintiff based upon Defendant's interpretation of its contract and wrongful investigation. This matter stems from wind and hail storm damage done to Plaintiff's property on June 6, 2012. Plaintiff had a replacement cost value policy and made a claim for covered benefits in a timely manner. Plaintiff has submitted all estimates for damages to Defendant, but Defendant has failed to pay Plaintiff's claim in full.

b. Defendants: Defendant Peerless Indemnity Insurance Company ("Peerless") issued a business owners' insurance policy to B.H.S. Company, LLP ("Plaintiff"), policy no, BOP 4611905, effective September 23, 2011 to September 23, 2012 ("Policy"), which provided certain coverage for Plaintiff's property located at 2760 North Academy Blvd Colorado Springs, Colorado 80917.

On or about May 16, 2013, Plaintiff reported a claim to Colorado Casualty Insurance Company ("Colorado Casualty") through its property manager, Todd Dorman. Mr. Dorman reported hail damage to the property from a storm that occurred nearly a year prior, on June 6, 2012. Shortly after Mr. Dorman reported the claim, Colorado Casualty retained PT&C, a professional engineering firm, to inspect the property and determine the extent, if any, of the damage caused by the hail storm over a year earlier. PT&C opined that there was some property damage caused by hail. Accordingly, Colorado Casualty reported these findings to Mr. Dorman and requested an estimate to complete the repairs to the property.

Plaintiff failed to provide a repair estimate until four months later, on September 26, 2013. Plaintiff's estimate from Interstate Roofing contemplated completing repair and replacement of the roof, electrical, and HVAC for $398,222.71. This estimate included over $66,000 in overhead and profit, which was excessive and inappropriate because overhead and profit is only paid on the amount of the trades' work. Moreover, the scope of the repairs did not warrant such overhead and profit. Colorado Casualty requested that the overhead and profit be removed from the estimate, which Plaintiff refused.

Plaintiff and Interstate Roofing refused to compromise on overhead and profit until mid-April 2014. On April 16, 2014, Plaintiff agreed to the appropriate overhead and profit of approximately $12,000. At that point, the only remaining items were finalizing the cost for the electrical work, permits and taxes, and the exterior paint and wall board. While Colorado Casualty was reviewing these small outstanding items, Plaintiff filed the instant lawsuit and asserted three claims for relief against Defendants: (1) breach of contract; (2) unreasonable delay and denial of payment of covered benefits pursuant to C.R.S. §§ 10-3-1115/1116; and (3) bad faith breach of insurance contract.

Ultimately, the parties agreed upon $372,225.41 to repair the roof, HVAC, and gas and electrical lines, including $11,958.80 in overhead and profit for supervision of the trades. Pursuant to the terms of the Policy, Colorado Casualty issued payment of $233,660.63 on August 6, 2014 for the actual cash value of the repairs. Colorado Casualty will pay the $149,928.14 in recoverable depreciation upon completion of the repair work.

Contrary to Plaintiff's allegations, Colorado Casualty handled Plaintiff's claim reasonably and worked diligently to reach an agreement on the cost to repair the alleged damages to Plaintiff's property. Plaintiff, on the other hand, reported its property damage claim nearly a year after the damage occurred; failed to provide an estimate for nearly four months after PT&C determined the property was damaged by hail; and refused for nearly seven months to accept the appropriate amount of overhead and profit.

A dispute regarding the value and assessment of a claim for insurance benefits does not constitute a violation of C.R.S. § 10-3-1116 or bad faith. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 496 (Colo. App. 2011) (holding that where the insured's claim for benefits is "fairly debatable," an insurer's decision to challenge the claim may be reasonable as a matter of law.). Defendants deny that they unreasonably delayed or denied Plaintiff's insurance claim pursuant to C.R.S. §§ 10-3-1115/1116, deny that they acted in bad faith, and deny that they breached any contract with Plaintiff.

Additionally, Defendants have asserted the following affirmative defenses: (1) Plaintiff's Complaint fails to state a claim upon which relief may be granted; (2) Plaintiff's claims may be barred, in whole or in part, due to the acts or omissions of third parties over whom Defendants maintain no control or right of control; (3) Plaintiff's claims may be barred, in whole or in part, due to Plaintiff's failure to mitigate its damages, if any; (4) Plaintiff's claims may be barred, in

whole or in part, by one or more of the equitable doctrines including, but not limited to, waiver, estoppel, and unclean hands; and (5) Plaintiff's claims are barred by the terms and conditions of the Policy issued by Peerless to Plaintiff. As discovery proceeds, it is anticipated that these defenses will be pared down because it appears that the essence of the parties' disagreement is whether Colorado Casualty handled Plaintiff's claim reasonably.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff The B.H.S. Company, LLP is a Colorado Limited Liability Partnership located at 2760 N. Academy Boulevard, #209, Colorado Springs, Colorado 80917.

2. Defendant Peerless is incorporated under the laws of the State of Illinois and maintains its principal place of business in Boston, Massachusetts.

3. Colorado Casualty is incorporated under the laws of New Hampshire and maintains its principal place of business in Boston, Massachusetts

4. Defendant Liberty Mutual Group, Inc. is incorporated under the laws of Massachusetts and maintains its principal place of business in Boston, Massachusetts.

5. Peerless insured Plaintiff under a Business Owners Insurance Policy, No. BOP 4611905, effective September 23, 2011 to September 23, 2012.

6. Plaintiff contacted Colorado Casualty to report a claim for damage to its property on or about May 16, 2013.

## 5. COMPUTATION OF DAMAGES

Plaintiff's Calculation: Plaintiff is requesting damages of $372,225.41, plus statutory damages, attorney fees, costs, interest, punitive damages and any further relief the Court deems just and proper.

Defendants' Calculation: Defendants dispute Plaintiff's claimed damages, including, but not limited to, Plaintiff's request for treble damages under C.R.S. §§ 10-3-1115 and 10-3-1116.

Defendants seek an award of their costs, expenses, interest, expert witness fees, and such other further relief as this Court deems just and proper.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED R. CIV. P. 26(F)

a. Date of Rule 26(f) meeting. August 1, 2014

b. Names of each participant and party he/she represented. Plaintiff was represented by Corey Harris and Defendants were represented by Holly Ludwig.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). None.

d. Statement as to when Rule 26(a)(1) disclosures were made or will be made. September 2, 2014.

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which have been agreed to by the witness, all counsel, and all pro se parties.

The parties discussed the possibility of conducting informal discovery, including the exchange of documents. The parties will also make a good faith effort to look for opportunities to conduct joint interviews of potential witnesses and joint meetings with clients to discuss settlement as the parties proceed forward with discovery in this case.

f.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery or electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.

Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

### 7. CASE PLAN AND SCHEDULE

a.  The filing of amended and supplemental pleadings will be made pursuant to Fed. R. Civ. P. 15:  November 30, 2014

b.  Discovery Cut-Off:  March 4, 2015

c.  Dispositive Motion Deadline:  April 6, 2015

d.  Expert witness Disclosures:

(1).  State anticipated fields of expert testimony, if any.

(a) Plaintiff anticipates calling expert witnesses in the following areas: insurance claims handling, construction, and any expert necessary to rebut an expert endorsed by Defendant.

(b) Defendants anticipate calling expert witnesses in the following areas: insurance claims handling, construction, and any expert necessary to rebut an expert endorsed by Plaintiff.

(2). State any limitations proposed on the use or number of expert witnesses.

The parties propose that they be permitted to designate three retained expert witnesses per side, and no more than one retained expert witness per specialty without obtaining leave of Court.

(3). The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 15, 2014.

(4). The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before February 2, 2015.

(5). Any rebuttal opinions will be exchanged on or before February 16, 2015.

(6). Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

    e.    Deposition Schedule:

Plaintiff:

Defendants:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff B.H.S. Company | TBD | TBD | 7 hours or one day |
| Todd Doran | TBD | TBD | 7 hours or one day |

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Interstate Roofing | TBD | TBD | 7 hours or one day |
| Swartz Electric | TBD | TBD | TBD |
| 481 Shady Lane | TBD | TBD | TBD |
| AirTech Mechanical | TBD | TBD | TBD |
| Other fact and expert witnesses revealed through discovery | | | |

  f. Interrogatory Schedule:

The last day to serve interrogatories is February 2, 2015.

  g. Schedule for Request for Production of Documents:

The last day to serve interrogatories is February 2, 2015.

  h. Discovery Limitations:

  (1). Any limits which any party wishes to propose on the number of depositions. Defendants propose the presumptive ten depositions per side.

  (2). Any limits which any party wishes to propose on the length of depositions. None.

  (3). Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules. None.

  (4). Limitations which any party proposes on number of requests for production of documents and/or requests for admissions. Defendants propose 25 requests for production per side and 20 requests for admission per side, excluding any requests for admission regarding the authentication of documents.

  i. Other Planning or Discovery Orders:

Defendants shall request a protective order. To the extent necessary, Defendants will submit a proposed protective order and will confer with Plaintiff's counsel for agreement prior to seeking assistance from the Court.

### 8. OTHER SCHEDULING ISSUES

a.  A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement. None.

b.  Anticipated length of trial and whether trial is to the court or jury. 3 day trial to a jury.

### 9. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 4 day of September, 2014.

BY THE COURT:

_____
Richard P. Matsch, Senior District Judge

SCHEDULING ORDER REVIEWED:

| s/Brandee Bower | s/Brian Spano |
|---|---|
| Brandee Bower, Esq. | Brian J. Spano, Esq. |
| William C. Harris, Esq. | Holly C. Ludwig, Esq. |
| MERLIN LAW GROUP, P.A. | LEWIS ROCA ROTHGERBER LLP |
| 999 18th Street, Suite 3000 | 1200 17th Street, Suite 3000 |
| Denver, CO 80202 | Denver, CO 80202-5855 |
| Tel:  303.357.2374 | Tel:  303.623.9000 |

| | |
|---|---|
| Fax: 303.357.2377<br>bbower@merlinlawgroup.com<br>charris@merlinlawgroup.com<br><br>*Attorneys for Plaintiff*<br>*The B.H.S. Company, LLP* | Fax: 303.623.9222<br>bspano@lrrlaw.com<br>hludwig@lrrlaw.com<br><br>*Attorneys for Defendants*<br>*Peerless Indemnity Insurance Company,*<br>*Colorado Casualty Insurance Company*<br>*Liberty Mutual Group* |