IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-01833-RPM

THE B.H.S. COMPANY, LLP,

      Plaintiff,

vs.

PEERLESS INDEMNITY INSURANCE COMPANY,

      Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

---

The Defendant's initial production of documents included four documents having redactions that shielded information relating to its reserves for the Plaintiff's claim. The Defendant provided a privilege log which stated that the redactions were made because reserve information is "[n]either relevant nor reasonably calculated to lead to the discovery of admissible evidence," citing *Sunahara v. State Farm Mutual Automobile Insurance Co.*, 280 P.3d 649 (Colo. 2012).

On October 3, 2014, the Plaintiff moved to compel production of the redacted information, arguing that the Defendant's reliance on *Sunahara* is misplaced. The Plaintiff contends that the Defendant's reserve information is discoverable in this first-party insurance dispute because the Plaintiff has alleged claims of insurance bad faith.

"'Reserves' are the 'funds insurance companies set aside to cover future expenses, losses, claims, or liabilities' associated with a particular case." *Sunahara*, 280 P.3d at 656 (quoting

-1-

*Silva v. Basin Western, Inc.*, 47 P.3d 1184, 1189 (Colo.2002) and *Black's Law Dictionary* 1307 (6th ed. 1990)).   As the Colorado Supreme Court has explained, insurance companies maintain reserves to satisfy statutory obligations, and they are not admissions of liability or necessarily an accurate reflection of the insurer's valuation of a particular claim.   *Sunahara*, 280 P.3d at 656; *see Silva*, 47 P.3d at 1188–91.

For those reasons, the Colorado Supreme Court has held that reserve information is not discoverable in a third-party personal injury action,  *Silva*, 47 P.3d at 1193, or in a first-party insurance dispute involving a claim for underinsured motorist benefits, *Sunahara*, 280 P.3d at 656.   In such cases, reserves "are irrelevant to a jury's determination of liability and damages and are not reasonably calculated to lead to the discovery of admissible evidence."   *Id.*

In this case, the Plaintiff's allegations of bad faith do not change that analysis.   The Defendant has not disputed coverage, and – contrary to the Plaintiff's arguments –  reserve information is not relevant to the determination of whether the Defendant unreasonably delayed payment by prolonging negotiations over the cost of repairs and attempting to settle for an amount lower than the full amount of its insurance obligation.   The Defendant's reserve information is irrelevant to those issues because reserves are not an admission of liability and cannot be considered an accurate reflection of the Defendant's valuation of the Plaintiff's insurance claim.

Accordingly, it is

ORDERED that the Plaintiff's motion to compel is denied.

Dated:  November 4, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge